UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RODOLFO AGUILAR and JOSE TAPIA, *on behalf of themselves and others similarly situated and the proposed Rule 23 Class*,

                Plaintiffs,

- against -

COMMERCIAL MAINTENANCE CORP, et al.,

                Defendants.
------------------------------------------------------------X

**ORDER**

12 CV 6194 (PKC)

      On December 17, 2012, plaintiffs Rodolfo Aguilar and Jose Tapia (together, "plaintiffs") filed this action against defendants Commercial Maintenance Corp. ("CMC"), Christine Lemon, Howard Lemon, and Premier Cleaning Solutions, Inc., alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), as well as the New York Labor Law ("NYLL"). (Compl.[1] ¶¶ 1-2).

      On March 14, 2013, defendant Christine Lemon filed an Answer. Defendants CMC, Howard Lemon, and Premier Cleaning Solutions, Inc. failed to appear or defend themselves in the action, and accordingly, on April 10, 2013, a notation of default was entered against them.[2] However, on April 24, 2013, defendants CMC and Howard Lemon filed an Answer, and following an initial conference with the undersigned on May 22, 2013, the plaintiffs withdrew their Motion for Default Judgment as against CMC and Howard Lemon (for purposes of this

---

[1] Citations to "Compl." refer to the Complaint, filed on December 17, 2012.

[2] On April 11, 2013, plaintiffs filed a Motion for Default Judgment.

1

Order, "defendants").

On July 9, 2013, the Court received a letter from plaintiffs complaining that defendants had been served with discovery requests on May 29, 2013, but that as of the date of the letter, defendants still had not provided the requested discovery. (See Pls.' 7/9 Ltr.[3]). On July 10, 2013, the Court Ordered defendants to produce the requested discovery by July 15, 2013 or to Show Cause why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 37.

Thereafter, on July 16, 2013, the Court received a letter from defendants requesting additional time to review and respond to plaintiffs' discovery requests. (See Defs.' 7/16 Ltr.[4]). As an explanation for the requested extension, defendants stated that their facilities had incurred "extensive flood damage" during Hurricane Sandy. (See id.). On July 19, 2013, plaintiffs filed a letter opposing defendants' request. (See Pls.' 7/19 Ltr.[5]).

On July 19, 2013, the Court issued an Order giving defendants until Wednesday, July 24, 2013 to either produce the requested discovery or to explain why their inability to produce discovery due to Hurricane Sandy was not previously raised and why their interrogatories could not be provided notwithstanding the alleged damage caused by the hurricane. On July 25, 2013, plaintiffs filed a letter stating that defendants had still not produced either the requested discovery or an explanation for their delay. (See Pls.' 7/25 Ltr.[6]). Plaintiffs request that the Court impose sanctions on defendants and their counsel for the legal fees incurred by plaintiffs in

---

[3]Citations to "Pls.' 7/9 Ltr." refer to the letter filed by plaintiffs on July 9, 2013.

[4]Citations to "Defs.' 7/16 Ltr." refer to the letter filed by defendants on July 16, 2013.

[5]Citations to "Pls.' 7/19 Ltr." refer to the letter filed by plaintiffs on July 19, 2013.

[6]Citations to "Pls.' 7/25 Ltr." refer to the letter filed by plaintiffs on July 25, 2013.

attempting to resolve this ongoing discovery dispute. (Id.)

At this point, having given defendants multiple opportunities to comply with the Court's Orders, and having duly warned defendants of the punishment they faced for failing to comply, the Court hereby grants plaintiffs' request. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, defendants are hereby Ordered to pay plaintiffs' costs and attorney's fees incurred in connection with this motion to compel discovery based on their failure to comply with this Court's Orders. See, e.g., Nevarez v. Hunt, 288 F.R.D. 270, 271 (W.D.N.Y. 2013) (explaining that "[a]mong the sanctions that may be imposed under Rule 37 . . . are deeming facts admitted, precluding evidence, striking pleadings, and imposing costs, including attorney's fees, incurred by the moving party as a result of the opponent's failure to obey a court order or to provide discovery") (emphasis added); Dumann Realty, LLC v. Faust, No. 09 CV 7651, 2011 WL 2749523, at *3-4 (S.D.N.Y. July 8, 2011) (awarding reasonable expenses, including attorney's fees, incurred as a result of a plaintiff's failure to comply with the court's orders).

Plaintiffs are directed to submit an affidavit and supporting documentation setting forth the attorney's fees and expenses they have incurred in connection with this discovery dispute. Plaintiffs' papers are due within two weeks of the date of this Order. The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
　　　　July 30, 2013

　　　　　　　　　　　　　　　　　　　/s/ Cheryl L. Pollak
　　　　　　　　　　　　　　　　　　　Cheryl L. Pollak
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　Eastern District of New York

3